Good morning, Your Honor. Steve Sadie for Russell Schleining. In Drake, this Court held that the interaction between the Concurrency Statute 3584A and the Guidelines Mechanism for Implementing Concurrency, 5G 1.3, required that an adjusted sentence under 5G 1.3 be considered part of imprisonment that satisfied a mandatory minimum sentence. The same interest in satisfying the principles of concurrent sentencing required that the adjusted sentence under 5G 1.3 as part of imprisonment for the purposes of time served to satisfy the Federal sentence under the Federal Good Time Statute to hold otherwise is not only inconsistent with Drake, it also injects irrational disparities into sentencing by treating identical defendants differently based solely on the timing of sentencing. Now the roots of this disparity, this irrationality, is that the Bureau of Prisons treats pre-sentence custody differently depending on whether it's credit under 3585B or under 5G 1.3. You know, under 3585, there's a statutory requirement about giving credit for certain types of pretrial detention, correct? Yes. But there isn't any statute that similarly indicates that there should be credit for time spent in state custody under other circumstances. And what you're asking us is to say that time spent in state custody needs to be taken into account as part of the Federal sentence in this situation. Is that right? With some modifications. First of all, this is necessary to effectuate a concurrent sentence. This is time served on the Federal sentence in state custody, which the Bureau of Prisons routinely assigns good time credit for. Also the pre-trial, for the pre-trial detainee, that's by statute, right? There's a statute that says you give credit for prior custody. And then there's a regulation. It doesn't say good time credits. It says maybe a recommendation. You can't get good time, but you can have a recommendation. But what I'm trying to understand is when the district court gives a sentence that's adjusted, it may be adjusted for acceptance of responsibility, adjusted for a whole range of things. Here it's adjusted for time on irrelevant conduct that was spent in state custody. Why isn't the Federal sentence just what the district court issues, which is after adjustment, it's 94 months in this case? I think there's a huge difference in those two uses of adjustment. A Chapter 3 adjustment has nothing to do with a 5G1.3 adjustment. They use the same word, but it's the same. Regardless, isn't the Federal sentence what the district court imposes as the Federal sentence? The Federal sentence is under 5G1.3 includes the adjusted portion as part of the total aggregate sentence imposed, the punishment for the Federal crime. That is punishment for the Federal crime. And then we go back to the good time credit statute, which contains no exception for concurrent under those circumstances. So there's no distinction in the statute for treating it differently from time that's concurrent from the time of imposition. For example, if we have... Is there any... The other circuits have said you can't start a sentence before the sentence is issued by the district court. And so your theory would require the sentence to start at some earlier date. Now, we don't have specific language in our case law, but do we have any language suggesting that you could start the sentence before the district court issues the sentence? Absolutely. And it's the law of this case. Let me explain for four reasons. First of all, in the Kelly Declaration at paragraph 11 on page 131 of the Executive Records, they state that the time served is that it includes factoring in any prior custody credit which was awarded against the sentence as part of the total good time credit. Also, in the answering brief at page 22, time served includes time after the sentence commences under 3585A as well as the prior custody time that must be credited under 3585B. The regulation talks about for each year served, which obviously includes the pretrial credit. But is there any case that says clearly or that states or any statute that would allow us to say the federal sentence for purposes of good time credit or whatever could start before the sentence was issued by the district court? Absolutely. We have 3162, I think it is. We have nunc pro tunc orders that the Bureau of Prisons will issue. But even those, as I read their program statement, can't go back before the date the district court issued the sentence. Your Honor, this is, I believe, a complete congressional delegation to the sentencing judge to impose a concurrent sentence under 3584A. This is an undischarged state court sentence, so there is only the power of the judge that we are asking to be enforced here. That is part of a concurrent sentence. Now, the mechanism has to be under 5G1.3, but it is part of the concurrent sentence. It's part of the whole complete total punishment for the federal offense. Actually, are you looking, are you relying on 5G1.3 as authorizing the district court to say the federal sentence will start before the date that I issued the federal sentence? No. What we are saying is that in terms of implementing a concurrent sentence, that this is the mechanism that must, that they have to do because of the way 3585B operates, but the 5G1, and that's exactly what Drake dealt with. They said, okay, we have an absolute power of the district court judge to impose a concurrent sentence. We have a statute that is going to not give credit for that time. We have a mandatory minimum sentence. Because that is part of the imprisonment for that mandatory minimum sentence, the sentence can be 176 months instead of the 180 months. That's because it's part of the totality of the sentence. You know, let me try to ask the same question in somewhat different words because I'm not sure I understood your answer to Judge Ikuto's questions. Let's avoid giving an answer that uses numbers and things, but just listen to the question. The judge says, I think 115 months would be an appropriate sentence. But, you know, in looking around, I noticed that this guy has already spent 21 months in state prison for a related sentence. So, you know, under Blakely, I have a lot of discretion as to what to give him. So I think the fair thing to do in this case is to reduce his sentence for the time he's already spent in federal prison. So, you know, I think 115 would be the appropriate sentence. Exercising my power under Blakely, I give him 94 months instead. Why isn't that then the federal sentence, and that's it? I mean, in the judge's thought process as to how he gets to 94 months is only relevant insofar as we see whether his discretion under Blakely is exercised in a rational way. I would say that the key to that analysis and analyzing the situation you just laid out is we'd have to ask the judge, Judge, were you intending to impose a concurrent sentence for that time that would not otherwise be credited? If the answer to that is yes, that is part of the totality of the sentence that under the construction of the good time credit statute, which is based on time actually served, that is time actually served in satisfaction of the federal sentence. It is concurrent. The 94 months are concurrent, right? From that point forward, from the sentence forward. Right. But it does not cover... So asking the judge that question wouldn't give you an answer. He says, yeah, yeah, concurrent, concurrent. I want him to serve concurrent sentences. I want him to serve concurrent. The 94 months I give him are concurrent with the remaining states. Your Honor, I was referring to the description of the time that was reduced, that it was adjusted. If it was adjusted in order to achieve a... You just didn't ask the right question then. No, we didn't. No, you said you have to judge this. And I said you didn't ask him the right question. What you want to ask him as a question is did you mean for those 21 months that you didn't give him to be really running part of the federal sentence concurrent? But that's what 5G 1.3 does on its face. That's exactly the purpose, is to achieve concurrent sentences. That is... Ah, you used numbers again, you know. I told you, no numbers. Using the guideline mechanism for implementing a concurrent sentence. No, he says, look, I think, you know, this is how much would be fair, but it's an exercise of mercy because he's already served this time. I will give him a smaller and lesser federal sentence because I know this over here, he's already served some time in federal prison. Why can't he do that? Why is that exactly what happened here? Because under Kimbrough and Cardi, the sentence... And if you thought he was doing something else, why isn't this something that his lawyer should have asked the district judge to say? Judge, do you really mean to say that you're giving him a 21-month retroactive concurrent sentence? Because he did exactly... The record is exactly what it should be. It says this was reduced in order to achieve the powers I had concurrency because I thought 121.24 at the top of the range was the appropriate sentence. That's the sentence that I wanted to impose. And in order to make it concurrent for those 21 months, I'm adjusting the sentence. It's spelled out. We are thwarting the district judge's intent by not giving credit towards that as part of the time served actually towards the completion of the federal punishment. And the vague kind of sentencing that you are describing I think would be a violation of the requirement under 3553A, sorry, under the rule of parsimony that you have to impose a sentence that's greater, sufficient but not greater than necessary to satisfy the needs of sentencing. So you couldn't just say, gee, I think that that will give him a break. I think what he would have to say is that with that adjustment down for the time that he's already served, that that would achieve the proper sentence. I see. So you think the government could appeal then? And I think that's a real interesting thing to look at. Imagine a case where you have a 60-month sentence. They keep the case over in State court for 4 years and 11 months. They bring them over to Federal court. The judge says, well, I'm going to adjust the sentence by 4 years, 11 months, so I'm going to give him a 1-month sentence. Do you think the government could get up there and say this is a substantively unreasonable sentence? One month is an outrage. No. He got a 60-month sentence. How far have they gotten when they said it's an outrage when district judges have gotten probation? Remember the case involving the blue boxes? They've got nothing at all. They come appealing. They come crying in. You on the other side say, no, no, district judges have such wide discretion. But the point would be that you would be testing the substantive reasonableness, whether you would accept it or not, based on a 60-month total punishment, not a 1-month sentence. Fair enough. We'll hear from the government. Thank you. May it please the Court. James Cox, appearing on behalf of the United States. The issue in this appeal is whether the Bureau of Prisons' calculation of Petitioner's good conduct time credit, based on the time he served on his sentence after the sentencing court made any adjustments it needed to to that sentence, is a correct or applies the good conduct time statute as it is most naturally read and applies in accordance with its basic purpose. That standard comes from the Barber decision last year. And Barber dealt with a different interpretive issue on the good conduct time statute. But with respect to the issue here, the BOP's interpretation of the statute also meets that standard. So would the Bureau of Prisons have the authority to say that the prisoner's sentence was issued in its non-pro-tunc authority? Would it have the authority to do that? Your Honor, the BOP does have authority under Reynolds, the case that most recently addressed it, to non-pro-tunc the beginning of a sentence back to a certain point in time. So it certainly could do that. And is it your position that the BOP could do that before the federal sentence was issued, that that was not the case in Reynolds, and it's not clear in the program statement? Your Honor, I think that would go to whether the sentencing court, what basis the sentencing court, whether it felt it had a legal basis to non-pro-tunc a sentence to that date under the basis of non-pro-tunc of that doctrine. The 5G13 mechanism is a mechanism by which the sentencing court can say that conduct is sufficiently related so that the sentence, the federal sentence, can be reduced to address the fact that the conduct has been punished. But could the district court issue a sentence saying it's 115 months and I wanted to start from the date 30 months ago that he showed up at the state prison, and that would be the beginning of the federal sentence? And then the BOP would analyze it that way. Would the district court have authority? Would the Bureau of Prisons have authority? Your Honor, the BOP just takes the sentence that's issued by the sentencing court. And if the sentencing court were to say, I'm doing a this for that, a non-pro-tunc, where the sentence actually begins on that date, then I think the BOP would have to do the analysis of whether that sentence actually begins that date. And under a non-pro-tunc order, it possibly could. Okay, so the government says the district court does have the authority to do what opposing counsel has suggested, and the only question is whether the relevant statute or the sentencing guidelines requires the district court to do it, or that's how they should be interpreted. Is that the government's position? The government's position, Your Honor, is that the BOP's role is to administer the federal sentence, that there's really a two-part structure. The sentencing court does whatever it needs to do, applies whatever adjustments it feels appropriate to come up with a federal sentence, and then the BOP administers that sentence. And under the plain language of 18 U.S.C. 3585, which actually defines the federal term of imprisonment, under that statute, the BOP does not have authority to go into that first step and to determine what the sentencing court actually did. But 3585 would allow BOP to say the official detention facility is the state facility where he showed up before the federal sentence was even issued. Is that correct? If that time is not creditable. And that goes back to the good conduct time statute, which says that the credit applies for time spent towards service of a sentence, which incorporates that exception that's in 3585. The good conduct – the statute at issue here, the good conduct time statute, actually says that the credit goes toward time spent on service of a sentence. And so that necessarily incorporates what the federal sentence is, which is in 3585, which is any time after the sentence is issued, plus any pretrial time that's not credited to another sentence. And under that standard, the BOP's interpretation of the provision does comply with the natural reading of the statute. Let me ask you a little bit about the mechanics. So if the BOP is able to give credit for time served in State custody, how does it determine whether or not to give credit for good time credits? Good time, I gather, is based on good behavior in prison. That's correct, Your Honor. That's the purpose of it. How does the BOP determine whether the prisoner behaved well in the State court, in State prison? Does it do a determination? Does it look at disciplinary record? What if he was a terrible prisoner? And it can even occur after a sentence, too, Your Honor, because if a sentence does run concurrently, then the prisoner could go back to State custody. And in that situation, the BOP does review the State records. However, in that situation, the BOP knows that it is going to be required to determine whether the petitioner qualifies or whether the prisoner qualifies for that good conduct time credit. So your position is that he can get good time credit while he's in State prison. But he can't get good time credit for the time he's in State prison before the sentence is entered in the Federal court. Judge Baye, it's not so much the facility. It's whether the time he spent, regardless of what facility he's in, whether the time spent can count toward that Federal sentence. And in some situations, before a Federal sentence is issued, the time that's spent in a State facility can count toward service of a Federal sentence. But you're saying here Judge Molloy, when he entered 94 months, did not want the prior 21 months to count on the Federal sentence. He knew that it couldn't, Your Honor. He knew that, and he expressed this during the sentencing hearing. He knew that because that time period counted toward another sentence, that he needed to adjust the Federal sentence and make it shorter if he wanted to account for the related conduct, the partially related conduct. So the only, you're saying under the statute, the only time before the Federal sentence that counts is the statutory pretrial detention as expressed in, I guess that's 3585. And so outside of the credit for prior custody under 3585, is there another situation where the time spent in State custody counts towards the Federal sentence before the Federal sentence? No, Your Honor. 3585 is the basis for which the BOP uses to determine where it's authorized to give good conduct time credit. That's basically, Congress has said, this is the Federal sentence that you have control over, whether it be for any type of credit, good conduct time, residential drug abuse program. That's the sentence that the BOP is allowed to administer. And I wanted to address the Drake case, too, because the Petitioner relies so heavily on it. And Drake dealt with the interpretation of a substantive criminal law provision. It did not involve post-sentence administration. It involved whether that 5G13 time period could count toward a mandatory minimum under a substantive criminal law provision, and it determined that it could. But before the Drake case even reached that point, the Court reaffirmed the dual role between the sentencing court and the BOP. And in Drake, the Court said that the Wilson language presumes that the district court will first sentence the offender, applying the relevant sentencing guidelines before credit determinations shall be made by the Bureau of Prisons. And so in Drake, the sentencing court had said, well, I think I need to leave this to the Bureau of Prisons. And this Court actually said, no, this is actually an issue, because it's a sentencing guideline issue, this is something that you have to resolve at the sentencing level. It's not within the post-sentencing level. And I think that also highlights an issue with respect to Petitioner's terminology between concurrency and adjustments. A 5G13 adjustment, the adjustment is the retrospective period. The sentencing court is allowed to adjust the sentence and then run it concurrently from the time of sentencing. So the concurrency of the sentence starts at the time that the sentencing court issues the sentence, and the sentence has been adjusted or shortened to account for the fact that conduct is partially related. Okay. Thank you. Thank you, Your Honor. Save the order of time. Would you like a minute for rebuttal? I would like to make two points. First, on the question of Reynolds, I think a key difference there was at that point there was no undischarged term of imprisonment that had previously been imposed. Here, this is exactly covered by the concurrency statute, 3584A, that says that the sentencing judge makes the decision about concurrency. And exactly like Drake, that's the appropriate decision for the court, and it's left to the Bureau of Prisons to carry out that sentence, which is a concurrent sentence that was adjusted in order to achieve a concurrent sentence. And, Judge Bea, on the question regarding the prior time in custody, the way to – one way of thinking about that is if this exact same case occurred and the case had been reversed on appeal, so at that point, that time was not being credited against another sentence, that would be all given credit under the good time statute and under 3585. So the only difference is the mechanism used to achieve concurrency, whether it's under the statute or whether it's under 5G1.3. Okay. Thank you.
judges: Kozinski, Bea, Ikuta